THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISION

| | |
|---|---|
| LOUISE LANE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No. _____ |
| ) | Jury Demanded |
| SHELBY COUNTY HOUSING ) | |
| AUTHORITY and ) | |
| EDWARD PEARLMAN, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **COMPLAINT**

**COMES NOW** Plaintiff, Louise Lane, and files her Complaint against Defendants, the Shelby County Housing Authority and Edward Pearlman and for her causes of action and would state:

### **I. INTRODUCTION**

1. The Plaintiff, Louise Lane, age 62, is an African American, female citizen of the United States who seeks redress for discrimination on account of age and race as well as retaliation suffered by her in violation of the Constitution, the laws of the United States, and the State of Tennessee in her capacity as an employee with Defendant, Shelby County Housing Authority. Specifically, Plaintiff alleges and avers that she was required to work in a place under conditions where because of her age, race and/or participation in a protected activity, she was harassed, treated unfairly on the job, subjected to retaliation, and ultimately unfairly

1

terminated from her employment.

## II. PARTIES

2.      Plaintiff, Louise Lane [hereinafter "Plaintiff or Ms. Lane"], age 62, is an African-American, female citizen and at all times material hereto was a resident of Shelby County, Tennessee.   Plaintiff is currently a resident of Memphis, Shelby County Tennessee.

3.      Defendant, Shelby County Housing Authority [hereinafter "SCHA"] is a Tennessee Corporation doing business and operating in Shelby County, Tennessee.  The agent for service of process is Raymond E. Harvell, located at 715 Rouge Bluff, Memphis, Tennessee 38127.

4.      Defendant Edward Pearlman [hereinafter "Pearlman"] is a resident of Shelby County, Tennessee and has a mailing address of 8937 Doe Trail Cove S., Cordova, Tennessee 38018-7605.

## III. JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. 1343(a)(4), inasmuch as the Plaintiff's claims raise substantial federal questions pursuant to Age Discrimination in Employment Act, as amended, § 29 U.S.C. § 621, et seq.; 42 U.S.C. § 2000, et seq., 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1983, the Tennessee Human Rights Act, T.C.A. 4-21-101 et seq; and the Tennessee Public Protection Act, T.C.A. § 50-1-304.

6.      All conditions precedent to jurisdiction under 42 U.S.C. § 2000e-5(f)(3) have

occurred or been complied with, to wit: a charge of employment discrimination was filed with the Equal Employment Opportunity Commission within 300 days of the commission of the unfair employment practice by Defendants; a Notice of Right-to-Sue (attached hereto as "Exhibit A") was received by Plaintiff from the Equal Employment Opportunity Commission on the charge and the original Complaint was filed in a timely fashion.

7. This action is also based upon a breach of written, implied and verbal employment contract.

8. This action is also based upon the common law of promissory estoppel and a tortious breach of an implied covenant of good faith and fair dealing.

9. This action is also based upon an employment termination in violation of the public policy of Tennessee.

10. In addition, this action is based upon intentional and negligent infliction of emotional distress malicious harassment; tortious interference of an employment relationship; defamation; fraudulent inducement; misrepresentation and deceit and tortious, intentional failure to disclose.

11. This Court has supplemental jurisdiction over Plaintiff's state law claim(s) pursuant to 28 U.S.C. § 1367.

12. Therefore, based upon the above and supported by the following facts, this Court has jurisdiction over the parties, and subject matter and venue, pursuant to 28 U.S.C. 1391(b), are proper in this Court.

## IV. FACTS

13. Plaintiff herein incorporates the allegations of Paragraphs 1-12.

14. Plaintiff was employed by SCHA from April 9, 2003 to March 28, 2011 as a Public Housing Manager.

15. On or about January 2007, due to both her good performance and a vacancy in the position as Executive Director for SCHA, the SCHA Board requested Ms. Lane serve as Executive Director for SCHA. Ms. Lane enjoyed her role as Public Housing Manager, and declined the offer. However, she accepted a position to serve as Acting/Interim Executive Director from January 16, 2007 to April 28, 2008 upon request of the SCHA Board.

16. Throughout the course of her employment, Ms. Lane provided loyal and diligent service to SCHA. She was a valued and dedicated employee of SCHA and expected to have a long term career with SCHA.

17. Throughout her many years of employment with SCHA, Ms. Lane never received a disciplinary warning or reprimand. Rather, while employed with SCHA, Ms. Lane always performed to a satisfactory or above level.

18. On or about April 28, 2008, Edward Pearlman was hired by SCHA as the Executive Director.

19. Pearlman was Ms. Lane's direct supervisor. He carried on a campaign of harassment against Ms. Lane because of Ms. Lane's age and race throughout Ms. Lane's employment.

20. Pearlman gave salary increases and other preferential treatment to Caucasian person(s) hired after Ms. Lane who were also younger than Ms. Lane in age, while

4

simultaneously refusing to give Ms. Lane the annual raise which she was owed as outlined in the SCHA's "Schedule of All Positions and Salaries".

21. Furthermore, upon information and belief, Pearlman, on more than one occasion, gave himself increases in salary without SCHA Board approval.

22. Upon information and belief, beyond the age and racial discrimination, Pearlman also committed various other illegal practices and/or activities as Executive Director of SCHA.

23. Upon information and belief, Pearlman misused company funds and/or property for his own personal gain, did not properly bid out contracts, and otherwise failed to comply with company policies and procedures.

24. Ms. Lane refused to participate in or remain silent about Pearlman's unlawful activities in the workplace.

25. On or about March 28, 2011, Ms. Lane sent written correspondence via e-mail to Pearlman's superiors regarding his illegal practices and/or activities and requested SCHA conduct an investigation relative to the same.

26. Ms. Lane signed her correspondence as "whistleblower."

27. Due to Ms. Lane's "whistleblowing," she was retaliated against, and ultimately unlawfully terminated on the very day she sent the above-referenced correspondence.

28. On March 28, 2011, Ms. Lane learned from Pearlman that her employment was terminated.

29. SCHA terminated Ms. Lane's employment due to her age, race, and in retaliation for her protected reporting or illegal activities and "whistleblowing."

30. Per correspondence to Ms. Lane on SCHA letterhead and signed by Pearlman, Ms. Lane was terminated, without warning, due to SCHA's elimination of its public housing department in an effort to cut costs.

31. However, the day Ms. Lane was terminated, Ms. Janet Williams, a Caucasian female, several years Ms. Lane's junior, replaced Ms. Lane in her former position. Ms. Janet Williams assumed the role of Project Housing Manager, at minimum, *de facto*, following Ms. Lane's termination.

32. The stated reason for Ms. Lane's termination is untimely, pretextual, fallacious, unconscionable, and outrageous.

33. Ms. Lane is an African American female.

34. Ms. Lane was 61 years old at the time of her unlawful termination.

35. Ms. Lane was replaced in her position by a much younger Caucasian employee who was, at most, in her mid-30s.

36. The sole reason and/or a substantial motivating factor for Defendants' termination of Ms. Lane was that she refused to remain silent about Pearlman and/or SCHA's illegal activities and reported Pearlman and/or SCHA's illegal activities.

37. As a direct and proximate result of Defendants' wrongful termination of Ms. Lane, Ms. Lane has lost employment income, employment benefits, and career development opportunities and will continue to lose employment income, employment benefits and career development opportunities in the future.

38. As a direct and proximate result of Defendants' wrongful termination of Ms. Lane, Ms. Lane has suffered humiliation, anxiety, physical pain, and emotional distress.

39. As a result of SCHA's termination of Ms. Lane on March 28, 2011, without just cause or valid reason, SCHA breached the written, implied and verbal employment contract with

Ms. Lane, breached the implied covenant of good faith and fair dealing, in knowing that without a job and medical insurance, Ms. Lane would have no means to pay for the expensive medications and medical treatment for her ongoing blood clots, colostomy bags, and heart condition for which SCHA and Pearlman were aware, and reneged on promises contained in the written, implied and verbal employment agreement upon which Ms. Lane relied to her detriment.

40. The actions of Defendants complained herein were intentional, reckless, willful, malicious and taken with reckless disregard of the rights of the Plaintiff herein.

## CAUSES OF ACTION AGAINST SCHA AND EDWARD PEARLMAN

41. Plaintiff incorporates paragraphs 1-40 above as though specifically set forth herein, and for causes of action asserts that:

41. Defendants' conduct complained of herein constitutes a violation of Age Discrimination Under the Tennessee Human Rights Act and Age Discrimination in Employment Act, as amended, § 29 U.S.C. § 621, et seq.

42. Defendants' conduct complained of herein constitutes a violation of Race Discrimination Under the Tennessee Human Rights Act and the Civil Rights Act of 1866 (§ 1981).

43. Defendants' conduct complained of herein constitutes a wrongful discharge in violation of the Tennessee Public Protection Act § 50-1-304 and the laws and public policy of the State of Tennessee and retaliation in violation of Title VII, 42 U.SC. § 2000s-3(a).

44. Defendants' conduct complained of herein constitutes a violation of the common law of the State of Tennessee, including, *but not limited* to Hostile Work Environment, and created a hostile work environment in violation of Title VII of the Civil Rights Act of 1866 (§1981).

WHEREFORE, PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS

1. The Court require Defendants to appear and answer this Complaint;

2. The Court empanel a Jury to hear this cause of action;

3. The Court order the Defendants to cease engaging in the discriminatory practices herein.

4. The Court orders the Defendant to reinstate the Plaintiff to her former position (or comparable position) with full seniority, all benefits incident to employment, and back pay, or in lieu of reinstatement, order back pay, front pay, and all benefits incident to employment until the date Plaintiff reaches age 70.

5. The Court award the Plaintiff actual and compensatory damages in an amount not to exceed Five Hundred Thousand Dollars ($500,000.00) and/or such sum as the jury deems appropriate.

6. The Court award the Plaintiff punitive damages in an amount not to exceed One Million Dollars ($1,000,000.00) and/or such other amount as the jury deems appropriate and necessary to punish the Defendants for their illegal conduct and actions and to deter the Defendants and other employers from engaging in similar conduct in the future.

7. The Court award Plaintiff all of her costs and attorney fees; and Plaintiff be awarded any other additional relief to which the Plaintiff may be entitled, both general and specific, as may be deemed just and proper, upon a hearing in this cause.

RESPECTFULLY SUBMITTED November 15, 2011.

        LAW OFFICE OF J. HOUSTON GORDON

        BY: <u>     s/ Keisha Moses Richardson       </u>
        KEISHA MOSES RICHARDSON(#026429)
        WILLIAM ALLEN WOOTEN (#026674)
        114 W. Liberty Ave., Suite 300
        P.O. Box 846
        Covington, TN 38019-0846
        (901) 476-7100.telephone
        (901) 476-3537.facsimile

    I acknowledge myself as surety for the costs of this cause not to exceed One Thousand Dollars ($1,000.00).

        <u>s/ Keisha Moses Richardson  </u>
        Keisha Moses Richardson